IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VINICIO JESUS GARCIA<br>(TDCJ No. 1828198),<br><br>  Petitioner,<br><br>V.<br><br>LORIE DAVIS, Director<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br><br>  Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 3:18-cv-262-L-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Vinicio Jesus Garcia, a Texas inmate, has filed a *pro se* application for writ of habeas corpus under 28 U.S.C. § 2254. *See* Dkt. Nos. 3 & 4. This resulting action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sam A. Lindsay.

The Attorney General of Texas, on behalf of Respondent Lorie Davis, has filed a court-ordered preliminary response to the habeas petition asserting that the petition is time-barred. *See* Dkt. Nos. 18, 20, & 22; *see also* Dkt. No. 14. And Garcia has filed a reply to that response. *See* Dkt. No. 21.

The undersigned now enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the habeas application with prejudice as time-barred.

**Applicable Background**

In December 2012, Garcia was convicted of murder and sentenced to life imprisonment. *See State v. Garcia*, No. F11-57569-S (282d Jud. Dist. Ct., Dallas Cty., Tex. Dec. 6, 2012) [Dkt. No. 18-1 at 3-5]. His conviction and sentence were affirmed. *See Garcia v. State*, No. 05-12-01693-CR, 2014 WL 1022348 (Tex. App. – Dallas Mar. 13, 20114, pet. ref'd). The Texas Court of Criminal Appeals (the "CCA") denied his petition for discretionary review ("PDR") on November 26, 2014. *See Garcia v. State*, No. PD-0417-14 (Tex. Crim. App. Nov. 26, 2014) [Dkt. No. 18-1 at 24-26]. And Garcia did not petition the United States Supreme Court for certiorari review.

Garcia did, however, file a state application for a writ of habeas corpus no sooner than November 16, 2015, the date he signed that petition. *See* Dkt. No. 18-1 at 29. And the CCA denied his application without written order on July 13, 2016. *See Ex parte Garcia*, WR-84,712-01 (Tex. Crim. App. July 13, 2016) [Dkt. No. 18-1 at 41-43].

**Legal Standards**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United

> States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2).

The one-year limitations period is also subject to equitable tolling in "rare and exceptional circumstances." *United States v. Riggs,* 314 F.3d 796, 800 n.9 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)).

> "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation marks and citation omitted). "[T]he principles of equitable tolling ... do not extend to what is at best a garden variety claim of excusable neglect." *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). Unfamiliarity with the legal process does not justify equitable tolling. *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).

*United States v. Kirkham*, 367 F. App'x 539, 541 (5th Cir. 2010) (per curiam).

But "a litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and

prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. ___, 136 S. Ct. 750, 755 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

The United States Supreme Court has reaffirmed "that the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Id.* at 756 (emphasis in original); *see, e.g., Farmer v. D&O Contractors*, 640 F. App'x 302, 307 (5th Cir. 2016) (per curiam) (holding that because "the FBI did not actually prevent Farmer or any other Plaintiff from filing suit" but instead "advised Farmer that filing suit would have been against the FBI's interest" and "that the RICO claims could be filed after the investigation concluded," "[a]ny obstacle to suit was ... the product of Farmer's mistaken reliance on the FBI, and a party's mistaken belief is not an extraordinary circumstance" (citing *Menominee Indian Tribe*, 136 S. Ct. at 756-57)).

The Supreme Court also has determined that AEDPA's statute of limitations can be overcome by a showing of "actual innocence." *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). But the actual innocence gateway is only available to a petitioner who presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 401 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). That is, the new, reliable evidence must be sufficient to persuade the Court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 386 (quoting *Schlup*, 513 U.S. at 329); *see also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that

the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted; emphasis in original)).

## Analysis

A conviction becomes final under the AEDPA "when there is no more 'availability of direct appeal to the state courts.'" *Frosch v. Thaler*, No. 2:12-cv-231, 2013 WL 271423, at *1 (N.D. Tex. Jan. 3, 2013) (quoting *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009)), *rec. adopted*, 2013 WL 271446 (N.D. Tex. Jan. 24, 2013).

And, because Garcia did not petition the Supreme Court for certiorari review, his state criminal judgment became final for purposes of the AEDPA on February 24, 2015 – 90 days after the CCA refused his PDR. *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (observing that, if a petitioner halts the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires" and noting that the Supreme Court allows 90 days for filing a petition for certiorari following the entry of judgment); SUP. CT. R. 13.

Under Section 2244(d)(2), the one-year period to file a federal habeas petition was tolled from November 16, 2015 to July 13, 2016 – the soonest date that Garcia could have his state habeas application to the date that the CCA denied that application. Adding these some 240 days to the one-year period that commenced on February 24, 2015 means that Garcia's Section 2254 application should have been filed

before the end of October 2016.

But that application was not docketed in this Court until February 1, 2018. *See* Dkt. No. 1. Notably, Garcia appears to represent that he executed it on January 25, 2018. *See id.* at 10. And he argues in that application, *see id.*, and elsewhere, *see generally* Dkt. No. 21, that prison officials prevented the timely filing of his Section 2254 petition because he was denied an envelope (in April or May 2017) and because his belongings, including legal materials, were ransacked (in late November 2017).

First, to the extent that these contentions are made to assert statutory tolling under Section 2244(d)(1)(B), the United States Court of Appeals for the Fifth Circuit has held that, in order to invoke statutory tolling based on an alleged government impediment, "the prisoner must show that: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law." *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). "These requirements imply an element of causality and materiality with respect to a prisoner's ability to file his ... federal petition. Thus, [a petitioner] 'must also show that ... [the impediment] actually *prevented* him from timely filing his habeas petition.'" *Clark v. United States*, Nos. 3:13-cv-1851-N-BK & 3:92-cr-382-N-1, 2013 WL 5873294, at *2 (N.D. Tex. Nov. 1, 2013) (quoting *Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011); citations omitted; emphasis in *Krause*); *see also Winkfield v. Bagley*, 66 F. App'x 578, 583 (6th Cir. 2003) ("Section 2244(d)(1)(B) requires a causal relationship between the unconstitutional state action and being prevented from filing the petition." (quoting *Dunker v. Bissonnette*, 154 F. Supp. 2d 95, 105 (D. Mass. 2001))).

Garcia has not made this showing. Nor has he made a showing that these claims support equitable tolling. His State-created-impediment assertions are conclusory, in that he fails to specify that (or how) the alleged actions were in violation of the Constitution or federal law and that these actions specifically prevented the timely filing of this petition. There is therefore no alleged causal relationship between the State action alleged and Garcia's being prevented from filing (much less timely filing) the Section 2254 petition. *See, e.g., Alston v. Thomas*, Civ. No. 11-00062 HG-BMK, 2011 WL 4929139, at *7 (D. Haw. Oct. 17, 2011) ("Neither Alston's inability to physically attend the law library during the 99 days that SCF was in lockdown in 2010, the lack of inmate or trained paralegal assistance, nor the alleged lack of pens, papers, envelopes, and stamps constituted State created impediments within the meaning of § 2244(d)(1)(B).").

But, even if the Court accepts the earliest date that Garcia claims he attempted to mail the Section 2254 application – April 20, 2017 – *see* Dkt. No. 3 at 10, that date is still some 6 months too late. In sum, then, Garcia has not demonstrated that he is entitled to equitable tolling by showing that "rare, exceptional, or extraordinary circumstances beyond his control ... made it impossible for him to timely file" his federal habeas application. *Montes v. United States*, Nos. 3:13-cv-1936-K & 3:09-cr-286-K (4), 2014 WL 5286608, at *3 (N.D. Tex. Oct. 15, 2014) (citations omitted); *see also Menominee Indian Tribe*, 136 S. Ct. a 755-56; *Holland*, 560 U.S. at 649; *Farmer*, 640 F. App'x at 307.

For these reasons, the Section 2254 application is time-barred.

## Recommendation

The Court should dismiss the application for a writ of habeas corpus with prejudice because it is time-barred.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 26, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE