IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **VINICIO JESUS GARCIA, #1828198,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. **3:18-CV-262-L** |
| | § | |
| **LORIE DAVIS, Director, Texas** | § | |
| **Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION ORDER

On September 26, 2018, United States Magistrate Judge David L. Horan entered the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report"), recommending that the court deny Petitioner's habeas petition because his two habeas claims are time-barred and not equitably tolled as follows:

> Under Section 2244(d)(2), the one-year period to file a federal habeas petition was tolled from November 16, 2015 to July 13, 2016 — the soonest date that Garcia could have his state habeas application to the date that the CCA [Texas Court of Criminal Appeals] denied that application. Adding these some 240 days to the one-year period that commenced on February 24, 2015 means that Garcia's Section 2254 application should have been filed before the end of October 2016.
>
> [Garcia's habeas] application was not docketed in this Court until February 1, 2018. *See* Dkt. No. 1. Notably, Garcia appears to represent that he executed it on January 25, 2018. *See id.* at 10. And he argues in that application, *see id.*, and elsewhere, *see generally* Dkt. No. 21, that prison officials prevented the timely filing of his Section 2254 petition because he was denied an envelope (in April or May 2017) and because his belongings, including legal materials, were ransacked (in late November 2017).
>
> First, to the extent that these contentions are made to assert statutory tolling under Section 2244(d)(1)(B), the United States Court of Appeals for the Fifth Circuit has held that, in order to invoke statutory tolling based on an alleged government impediment, "the prisoner must show that: (1) he was prevented from filing a petition

(2) by State action (3) in violation of the Constitution or federal law." *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). "These requirements imply an element of causality and materiality with respect to a prisoner's ability to file his . . . federal petition. Thus, [a petitioner] 'must also show that . . . [the impediment] actually prevented him from timely filing his habeas petition.'" *Clark v. United States*, Nos. 3:13-cv-1851-N-BK & 3:92-cr-382-N-1, 2013 WL 5873294, at *2 (N.D. Tex. Nov. 1, 2013) (quoting *Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011); citations omitted; emphasis in *Krause*); *see also Winkfield v. Bagley*, 66 F. App'x 578, 583 (6th Cir. 2003) ("Section 2244(d)(1)(B) requires a causal relationship between the unconstitutional state action and being prevented from filing the petition." (quoting *Dunker v. Bissonnette*, 154 F. Supp. 2d 95, 105 (D. Mass. 2001)).

Garcia has not made this showing. Nor has he made a showing that these claims support equitable tolling. His State-created-impediment assertions are conclusory, in that he fails to specify that (or how) the alleged actions were in violation of the Constitution or federal law and that these actions specifically prevented the timely filing of this petition. There is therefore no alleged causal relationship between the State action alleged and Garcia's being prevented from filing (much less timely filing) the Section 2254 petition. *See, e.g., Alston v. Thomas*, Civ. No. 11-00062 HG-BMK, 2011 WL 4929139, at *7 (D. Haw. Oct. 17, 2011) ("Neither Alston's inability to physically attend the law library during the 99 days that SCF was in lockdown in 2010, the lack of inmate or trained paralegal assistance, nor the alleged lack of pens, papers, envelopes, and stamps constituted State created impediments within the meaning of § 2244(d)(1)(B).").

But, even if the Court accepts the earliest date that Garcia claims he attempted to mail the Section 2254 application — April 20, 2017 — *see* Dkt. No. 3 at 10, that date is still some 6 months too late. In sum, then, Garcia has not demonstrated that he is entitled to equitable tolling by showing that "rare, exceptional, or extraordinary circumstances beyond his control . . . made it impossible for him to timely file" his federal habeas application. *Montes v. United States*, Nos. 3:13-cv-1936-K & 3:09-cr-286- K (4), 2014 WL 5286608, at *3 (N.D. Tex. Oct. 15, 2014) (citations omitted); *see also Menominee Indian Tribe* [*of Wis. v. United States*, 136 S. Ct. 750, 755-56 (2016)]; *Holland* [*v. Florida*, 560 U.S. 631, 649 (5th Cir. 2010)]; *Farmer*, [*v. D&O Contractors*, 640 F. App'x 302, 307 (5th Cir. 2016) (per curiam)]

Report 5-7.

Petitioner filed objections to the Report, which were docketed on October 10, 2018. Petitioner disagrees with the magistrate judge's calculation of the time during which his period for filing a federal habeas petition was tolled. In this regard, Petitioner asserts, under penalty of perjury, that, because he did not receive notice that the Texas Court of Criminal Appeals ("TCCA") had

denied his state habeas application until March 31, 2017, more than eight months after it was denied, the time for filing his federal habeas petition was tolled until that date, not July 13, 2016, as determined by the magistrate judge. Petitioner, therefore, asserts that the tolling period was extended 261 days longer than the date determined by the magistrate judge. Petitioner also disagrees with the magistrate judge's determination that his assertions regarding a state-created impediment are conclusory and continues to maintain that, after learning his state habeas petition was denied, prison officials denied his requests for supplies needed to prepare his federal habeas petition and an envelope and stamps to mail his petition.

The one-year limitations period for filing a federal habeas petition "is subject to equitable tolling only 'in rare and exceptional circumstances.'" *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009) (citation omitted). For equitable tolling to apply, "[a] petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *Id.* (quoting *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006)). This is because "equity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). It is the petitioner's burden to establish that equitable tolling is justified under the circumstances. *Hardy*, 577 F.3d at 598 (citation omitted).

"Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). The TCCA is required "to notify a petitioner once a decision has been rendered on his habeas petition." *Hardy*, 577 F.3d at 598 (citation omitted). Long delays in receiving notice that a decision has been rendered on a state habeas petition *may* entitle a petitioner to equitable tolling. *Hardy*, 577 F.3d at 598; *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.),

**Memorandum Opinion and Order – Page 3**

*modified on reh'g*, 223 F.3d 797 (5th Cir. 2000); *see also Fisher*, 174 F.3d at 715 ("In the right circumstances, a delay in receiving information might call for equitable tolling-such as if the prison did not obtain copies of AEDPA for months and months."); *but see Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000) (declining to follow foregoing quoted language in Fisher as dicta). Equitable tolling, however, only applies when a habeas petitioner diligently pursues habeas corpus relief "before and after receiving notification" of a decision on a state habeas petition. *Hardy*, 577 F.3d at 598 (citations omitted).

In *Hardy v. Quaterman*, the Fifth Circuit addressed the timeliness of a petitioner's inquiry regarding the status of his habeas application. *Id.* at 598-99. The petitioner in *Hardy* did not receive notice of the TCCA's decision until almost a year later. *Id.* In determining whether the petitioner acted diligently, the *Hardy* court looked at two unpublished cases: *Lewis v. Cockrell*, 275 F.3d 46, 2001 WL 1267701 (5th Cir. Oct. 15, 2001); and *Coker v. Quarterman*, 270 F. App'x 305, 2008 WL 724042 (5th Cir. March 17, 2008). *Hardy*, 577 F.3d at 599. The petitioner in *Lewis* waited approximately two and a half years before inquiring about the status of his state habeas petition, which was determined not to be diligent. *Id*. In contrast, the petitioner *in Coker* waited only eight months to inquire about the status of his case, and, after not hearing anything, inquired again a year later, which was determined to be diligent. *Id*. The petitioner in *Hardy* waited less than one year, approximately eleven months, before contacting the trial court, and this time period was also determined to be reasonable and diligent. *Hardy*, 577 F.3d at 599-600.

In this case, Respondent submitted evidence that shows notification by the TCCA was sent to Garcia on July 13, 2016, at the Clements Unit where he is still housed. Resp't Ex. E. Petitioner, nevertheless, asserts in his federal habeas petition (Doc. 3) and unsworn affidavit (Doc. 8) and states in his sworn objections to the Report that he did not receive notice until March 31, 2017,

**Memorandum Opinion and Order – Page 4**

approximately eight months later, because of ongoing problems with the prison's law library and mail room. Petitioner further states in his sworn objections that he first learned that his habeas petition was denied when the TCCA responded to "[his] motion for stay and abeyance to file an amended 11.07 [habeas application]." Obj. 2.

In response to Petitioner's federal habeas application, Respondent argues that Petitioner's complaints regarding access to mail and supplies beginning in March 2017 are insufficient because they do not account for the untimeliness of his federal habeas petition that was due several months earlier by October 12, 2016,[1] and, thus, could not have prevented him from filing timely a federal habeas petition. Respondent further contends that Petitioner's allegation that he did not receive notice of the TCCA's denial of his state habeas application until March 31, 2017, are similarly unavailing and do not entitle him to equitable tolling under *Hardy* because he has not demonstrated that he exercised diligence in inquiring about the status of his state habeas application.[2] The court agrees.

Even accepting as true Petitioner's statements that he did not have adequate access to writing materials, envelopes, and stamps between March and April 2017 and did not learn until March 31, 2017, that the TCCA denied his state habeas application, the court determines that he is not entitled to equitable tolling of the deadline for filing his federal habeas petition because he has not shown that he exercised reasonable diligence both "before and after receiving notification" of the TCCA's

---

[1] The magistrate judge's calculation would have made Petitioner's deadline for filing a federal habeas petition October 21, 2016, by adding one year and 240 days to February 24, 2015, the date Petitioner's state criminal judgment became final for purposes of the AEDPA, which accounts for the 90-day period after the TCCA refused his petition for discretionary review.

[2] Respondent also cites *Palacios v. Stephens*, 723 F.3d 600, 606 (5th Cir. 2013), for the proposition that only when "the 'specific circumstances' of the case 'warrant special treatment' will a prisoner who did 'not hire an attorney within four months of the date his AEDPA limitation period begins to run' be able to establish reasonable diligence." Resp't Resp. 7.

**Memorandum Opinion and Order – Page 5**

July 13, 2016 decision. *Hardy*, 577 F.3d at 598 (citations omitted). Petitioner does not maintain in his federal habeas petition or in his objections to the Report that he ever inquired about the status of his state habeas petition. Moreover, while evidence in this case indicates that Petitioner actively participated in his states habeas proceeding by submitting various materials to the TCCA for consideration in conjunction with his state habeas application between March 4, 2016, and April 3, 2017, he never once inquired about the status of his state habeas application. He, instead, learned of the July 13, 2016 ruling as a result of the TCCA's "quick response" to a motion, dated March 21, 2017, that he filed in an effort to stay his state habeas proceeding.

Specifically, Petitioner filed a total of nine documents between March 4, 2016, and April 3, 2017, in which he: (1) objected to the States's amended response to his habeas application; (2) objected on two separate occasions to the state district court's findings and recommendation regarding his habeas application because the court did not respond to his request for a ruling on his January 29, 2016 objections before entering its findings and recommendation and failed to address the issue of whether his appellate counsel provided ineffective assistance of counsel; (3) filed a "Restatement of Ineffective Assistance of Appellate Counsel" claim; and (4) filed two motions for stay and abeyance of his state habeas proceeding before and after the TCCA's July 13, 2016 ruling, based on his contentions that he: (a) was entitled to counsel to file an ineffective assistance of counsel claim; (b) had not received a copy of his appellate attorney's affidavit regarding his ineffective of assistance of counsel allegation; (c) had moved for discovery regarding the State's amended response to his state habeas petition; and (d) needed more time to file an amended 11.07 state habeas application because he had been denied supplies needed to prepare and mail an amended application in March 2017. Again, however, none of these submissions by Petitioner includes a request regarding the status of his state habeas application, although Petitioner could have easily

**Memorandum Opinion and Order – Page 6**

inquired about the status of his state habeas application. Moreover, the number of submissions that Petitioner filed in support of his state habeas application that were stamped received by the TCCA undercut his contention that he was denied access to the courts at the state or federal level or prevented from filing timely his federal habeas application as a result of an ongoing problem at the prison in sending and receiving mail or his being denied writing and mailing materials.

Because the record indicates that Petitioner was able to and did file a number of number of materials pertaining to his state habeas proceeding but did not inquire about the status of his state habeas application, the court determines that equitable tolling does not apply, as he did not diligently pursue habeas corpus relief both before and after learning that he state habeas petition had been denied. *Hardy*, 577 F.3d at 598 (citations omitted). For the same reasons, the record does not support a finding that he was actively misled or prevented in "some extraordinary way from asserting his rights," particularly in light of the number of filings he submitted regarding his state habeas proceeding. *Melancon*, 259 F.3d at 408 (citation omitted); *see also Pacheco v. Rice*, 966 F.2d 904, 906-07 (5th Cir. 1992) ("Equitable tolling is appropriate whe[n], despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim."). The court, therefore, agrees with the magistrate judge that Petitioner has not demonstrated that any unconstitutional state action prevented him from filing his petition. Accordingly, for all of these reasons, Petitioner has not satisfied his burden of establishing that equitable tolling is justified under the circumstances of this case. *Hardy*, 577 F.3d at 598 (citation omitted).

Having reviewed the habeas application, file, record in this case, and Report, and having conducted a de novo review of that portion of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them

as those of the court as supplemented by this opinion. The court, therefore, **overrules** Petitioner's objections, **denies** his habeas application, and **dismisses with prejudice** this action.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[3] The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the Report filed in this case. In the event a notice of appeal is filed, Petitioner must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

**It is so ordered** this 20th day of May, 2019.

*[signature]*
Sam A. Lindsay
United States District Judge

---

[3] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

> **(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
>
> **(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.